UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PABLO ALVAREZ-ORTEGA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 10-1435 (JAF)

(Crim. No. 07-453)

**OPINION AND ORDER**

Petitioner brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes (Docket No. 3), and Petitioner replies (Docket No. 4).

**I.**

**Factual History**

In 2008, Petitioner pleaded guilty to conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, and to possession of firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket Nos. 1 at 1; 3 at 1–2.) He was sentenced to 138 months' imprisonment, and his conviction and sentence were affirmed on appeal. (Id. at 1–2.)

**II.**

**Standard for Relief Under 28 U.S.C. § 2255**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may

Civil No. 10-1435 (JAF) -2-

challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . .'are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749–50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner claims that his counsel was deficient in researching the law surrounding charges under § 924.[1] (Docket No. 1-2.) Petitioner further claims that counsel advised him to plead guilty based on that misinformation and that he would not have pleaded guilty otherwise. (Id. at 3–4.)

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686-96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United

---

[1] Petitioner also alleges that counsel was deficient in not arguing insufficiency of evidence before the court (Docket No. 1-2 at 3, 7), but in the context of a guilty plea, no such opportunity existed. We, therefore, view Petitioner's as a challenge of counsel's advice to plead guilty.

Civil No. 10-1435 (JAF) -3-

States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687–91). To show prejudice in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner describes his exchange with his counsel when the two discussed whether Petitioner should plead guilty to the § 924 charge. (Docket No. 1-2 at 6.) He explains that counsel showed him the statements of two confidential sources, both of whom stood ready to testify as to Petitioner's possession or use of firearms. (Id.) On the basis of that evidence, Petitioner's counsel advised him to plead guilty to the § 924 charge. (Id.)

In arguing why this counsel was deficient in so advising, Petitioner makes three points: (1) "neither statement made any reference to drug trafficking or how the firearm furthered any drug trafficking crime"; (2) "Petitioner, when arrested, was not in possession of drugs or firearms"; and (3) Petitioner was in any case innocent of the charge. (Id.) All of these, however, were known to both Petitioner and counsel at the time of the decision to plead guilty. That is, Petitioner has failed to identify the counsel's failure to research that underlies his ineffective assistance of counsel claim. Given this failure, Petitioner cannot show deficient performance, as required by Strickland.

**IV.**

**Certificate of Appealability**

Under Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief, we must also determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Civil No. 10-1435 (JAF)                                                                                                      -4-

Based on the reasons stated above, we find that no reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong and we, therefore, deny him a COA. Petitioner may request a COA directly from the First Circuit. <u>See</u> Fed. R. App. P. 22.

## V.
## **Conclusion**

For the foregoing reasons, we **DENY** Petitioner's § 2255 petition (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this petition, because it is plain from the record that Petitioner is entitled to no relief. We **DENY** Petitioner a COA.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 3rd day of September, 2010.

                                                            s/José Antonio Fusté
                                                            JOSE ANTONIO FUSTE
                                                            Chief U.S. District Judge